## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## DETROIT DIVISION

DANIELA A. KUJIK,

Plaintiff,

v.

TRANSUNION, LLC, and
EXPERIAN INFORMATION
SOLUTIONS, INC.,

Defendants.

Case No. 2:22-cv-13047

## **COMPLAINT**

**NOW COMES** DANIELA A. KUJIK ("Plaintiff"), by and through her undersigned attorney, complaining of the TRANSUNION, LLC ("TransUnion") and EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), (collectively, "Defendants") as follows:

## **NATURE OF THE ACTION**

1.     Plaintiff brings this action seeking redress for Defendant's violation of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. § 1681 *et seq.*

## **JURISDICTION AND VENUE**

2.     The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331as the FCRA is a federal statute

1

3.     Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Eastern District of Michigan.

4.     Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

## PARTIES

5.     Plaintiff is a consumer and a natural person over 18-years-of-age, who at all times relevant, resided in Grosse Ile, Michigan.

6.     Defendant TransUnion is a Delaware limited liability corporation with its principal place of business located in Chicago, Illinois. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the state of Michigan.

7.     Experian is a consumer reporting agency that maintains credit information on millions of U.S. consumers and businesses. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files

2

to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the state of Michigan.

## FACTUAL ALLEGATIONS

8.      Prior to the events giving rise to this action, Plaintiff executed a residential lease with Decron Properties Corporation ("Decron") in Hollywood, California.

9.      Decron owns an apartment complex known as Jessica Apartments, which is where Plaintiff resided.

10.      According to Jessica Apartments, Plaintiff allegedly breached the terms of the lease with Decron ("subject debt").

11.      At some point in time, Decron placed the subject debt with IQ Data International, Inc. ("IQ Data") for collection.

12.      In the summer of 2022, IQ Data began sending collection letters ("Collection Letters") to Plaintiff seeking to collect $1,831.35 owed to "The Jessica."

13.      The Collection Letters represented that the subject debt was initially in the amount of $1,427.32 and that $404.03 in interest had accrued on the debt, therefore increasing the amount of the debt to $1,831.35.

14.      In response to the Collection Letters, Plaintiff submitted a request for verification of the debt to IQ Data.

15.     On August 8, 2022, IQ Data responded to Plaintiff's request for verification by, inter alia, sending Plaintiff a ledger from Decron indicating that the principal amount of the subject debt was **$1,275.70** and not $1.472.32.

16.     In other words, IQ Data's representations regarding the amount of the subject debt were inflated.

17.     Soon thereafter, Plaintiff discovered that IQ Data was credit reporting the subject debt to TransUnion and Experian as a "Collection/Chargeoff" with a balance of $1,823.

18.     Plaintiff attempted to dispute the amount of the subject debt directly with IQ Data to no avail.

<u>CREDIT REPORTING DISPUTES</u>

19.     Realizing the futility of disputing the amount of the subject debt directly with IQ Data, Plaintiff submitted credit disputes to TransUnion and Experian challenging the amount of the subject debt.

20.     In Plaintiff's dispute with Defendants, Plaintiff provided the Decron ledger indicating that the principal amount was $1,275.70 and not $1,472.32, bank statements and her driver's license.

21.     Moreover, in Plaintiff's dispute letters to Defendants, Plaintiff identified the subject debt and stated that it was reporting inaccurately on her credit

report and requested that the inaccurate reporting of the subject debt be corrected accordingly.

22.    Upon information and belief, TransUnion and Experian promptly notified IQ Data of Plaintiff's dispute of the amount of the debt. *See* 15 U.S.C. §1681i(a)(2).

23.    In response to Plaintiff's dispute, TransUnion and Experian sent a letter to Plaintiff indicating that IQ Data "verified" that the amount of the subject debt was accurate.

24.    Despite providing the necessary documents and directly challenging the amount of the subject debt with Defendants, Defendants continued to report the subject debt inaccurately on Plaintiff's consumer credit report.

## **DAMAGES**

25.    The erroneous reporting of the subject debt paints a false and damaging image of Plaintiff. After Defendants were provided notice by Plaintiff and IQ Data, TransUnion and Experian did not update its trade line to accurately reflect the balance of the subject debt.

26.    Additionally, in an effort to remedy the continued inaccurate and incomplete reporting of the subject debt and to validate the accuracy of Defendants' credit reporting, Plaintiff purchased a Smartcredit.com membership.

27.     The Credit Report Plaintiff purchased revealed that Defendants' were still inaccurately and incompletely reporting the subject debt. Plaintiff suffered monetary damages she otherwise would not have incurred had Defendants ceased or corrected the inaccurate and incomplete reporting of the subject debt after Plaintiff's detailed disputes.

28.     Defendant's conduct as set forth herein caused Plaintiff damages, including: emotional distress, anxiety, wasted time disputing the overstated amount of the debt, a reduced credit score, decreased credit worthiness, frustrating Plaintiff's ability to obtain credit, and fear that Plaintiff would be sued for the overstated amount.

29.     Due to Defendant's failure to address Plaintiff's disputes regarding the amount of the debt, continued collection of the overstated amount, and continued false credit reporting, Plaintiff retained counsel to enforce her rights and compel Defendant to cease its inaccurate credit reporting and pursuit of an inflated amount.

## COUNT I –
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (Against TransUnion)

30.     All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

31.     Plaintiff is a "consumer" and a "person" as defined by 15 U.S.C. §§1681a(b) and (c).

32.    TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

33.    TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

34.    At all times relevant, the above-mentioned credit reports were "consumer reports" as that term is defined by § 1681a(d).

35.    The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

36.    The FCRA requires the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

37.    If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the disputed information within 30 days of receiving the dispute. *See* 15 U.S.C. § 1681i(a)(1)(A).

38.     Plaintiff provided TransUnion with all relevant information and documentation in her dispute to support her contention that the disputed account was reporting inaccurately.

39.     A cursory review of the evidence submitted by Plaintiff would have confirmed that the disputed account was reporting inaccurately.

40.     TransUnion failed to conduct a meaningful investigation into Plaintiff's dispute. Instead, it continued to blindly report the false information provided to it by IQ Data.

41.     TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished concerning Plaintiff.

42.     Upon information and belief, TransUnion repeatedly distributed patently false and materially misleading consumer reports concerning Plaintiff to third parties.

43.     TransUnion failed to follow reasonable procedures to assure maximum possible accuracy by repeatedly ignoring the evidence provided by Plaintiff and blindly accepting erroneous information furnished to it by IQ Data as accurate.

44.     Had TransUnion followed reasonable procedures to assure maximum possible accuracy, it would have reviewed the dispute and evidence submitted by Plaintiff and promptly discovered that the disputed account was reporting

inaccurately. Instead, TransUnion repeatedly accepted erroneous information as true and continued the reporting of the erroneous information pertaining to the disputed account.

45.    TransUnion should have implemented procedures and safeguards to prevent the repeated reporting inaccurate information regarding the account.

46.    TransUnion violated 15 U.S.C. § 1681i(a)(1) by failing to (1) conduct a reasonable investigation into Plaintiff's dispute and (2) modify the account to report accurately on Plaintiff's credit file.

47.    Had TransUnion conducted a reasonable investigation into Plaintiff's valid dispute, it would have promptly determined that the disputed account was reporting incorrectly.

48.    TransUnion took no meaningful action to determine whether the disputed account was reporting incorrectly and blindly reported the same with no regard to its accuracy.

49.    At very minimum, TransUnion should have requested that IQ Data provide proof that its reporting was accurate. Instead, TransUnion continued to recklessly report false and unreliable information regarding the account.

50.    TransUnion violated 15 U.S.C. § 1681i(a)(2) by failing to provide adequate notification of Plaintiff's dispute to IQ Data. Upon information and belief,

TransUnion may have failed to forward all relevant information provided by Plaintiff to IQ Data.

51.    TransUnion violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the disputed account.

52.    TransUnion violated 15 U.S.C. § 1681i(a)(5) by failing to modify the disputed account that was the subject of Plaintiff's dispute after Plaintiff submitted compelling evidence that the disputed account was reporting inaccurately.

53.    TransUnion had actual knowledge that the erroneous reporting of the disputed account would have a significant adverse effect on Plaintiff's creditworthiness and ability to obtain credit.

54.    Despite having actual knowledge that Plaintiff's credit file contained erroneous information, TransUnion readily distributed Plaintiff's inaccurate and misleading credit reports to one or more third parties, thereby misrepresenting facts about Plaintiff and Plaintiff's creditworthiness.

55.    By deviating from the standards established by the credit reporting industry and the FCRA, TransUnion acted with a reckless disregard of its duty to report accurate and complete consumer credit information.

56.     It is TransUnion's regular business practice to blindly report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

57.     TransUnion's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its mistreatment of Plaintiff.

58.     TransUnion has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own convenience above its grave responsibility to report accurate consumer data.

59.     As stated above, Plaintiff was significantly harmed by TransUnion's conduct.

**WHEREFORE**, Plaintiff requests for the following relief:

a.      A finding that TransUnion's conduct as set forth herein violated the FCRA;

b.      An order enjoining TransUnion to cease reporting inaccurate information pertaining to the subject debt;

c.      An award of compensatory damages to Plaintiff to be determined by the jury;

d.      An award of statutory damages of $1,000.00 for each violation of the FCRA;

e.      An award of punitive damages to be determined by the jury; and

f.      An award of reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

**COUNT II –**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**(Against Experian)**

60.     All Paragraphs of this Complaint expressly adopted and incorporated herein as though fully set forth herein.

61.     Plaintiff is a "consumer" and a "person" as defined by 15 U.S.C. §§1681a(b) and (c).

62.     Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

63.     Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

64.     At all times relevant, the above-mentioned credit reports were "consumer reports" as defined by § 1681a(d).

65.     The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." *See* 15 U.S.C. § 1681e(b).

66.     The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

67.     If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit

reporting agency to reinvestigate free of charge and record the current status of the disputed information or delete the item within 30 days of receiving the dispute. 15 U.S.C. § 1681i(a)(1)(A).

68.    Plaintiff provided Experian with all relevant information and documentation in her dispute to support her contention that the disputed account was reporting inaccurately.

69.    A cursory review of the evidence submitted by Plaintiff would have confirmed that the disputed account was reporting inaccurately.

70.    Experian failed to conduct a meaningful investigation into Plaintiff's dispute. Instead, it continued to blindly report the false information provided to it by IQ Data .

71.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff.

72.    Upon information and belief, Experian repeatedly distributed patently false and materially misleading consumer reports concerning Plaintiff to third parties.

73.    Experian failed to follow reasonable procedures to assure maximum possible accuracy by repeatedly ignoring the evidence provided by Plaintiff and blindly accepting erroneous information furnished to it by IQ Data as accurate.

74.     Had Experian followed reasonable procedures to assure maximum possible accuracy, it would have reviewed the dispute and evidence submitted by Plaintiff and promptly discovered that the disputed account was reporting inaccurately. Instead, Experian repeatedly accepted erroneous information as true and continued the reporting of the erroneous information pertaining to the disputed account.

75.     Experian should have implemented procedures and safeguards to prevent the repeated reporting inaccurate information regarding the account.

76.     Experian violated 15 U.S.C. § 1681i(a)(1) by failing to (1) conduct a reasonable investigation into Plaintiff's dispute and (2) modify the account to report accurately on Plaintiff's credit file.

77.     Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject debt.

78.     Had Experian conducted a reasonable investigation into Plaintiff's valid dispute, it would have promptly determined that the disputed account was reporting incorrectly.

79.     Experian took no meaningful action to determine whether the disputed account was reporting incorrectly and blindly reported the same with no regard to its accuracy.

80.     At very minimum, Experian should have requested that IQ Data provide proof that its reporting was accurate. Instead, Experian continued to recklessly report false and unreliable information regarding the account.

81.     Experian violated 15 U.S.C. § 1681i(a)(2) by failing to provide adequate notification of Plaintiff's dispute to IQ Data. Upon information and belief, Experian may have failed to forward all relevant information provided by Plaintiff to IQ Data.

82.     Experian violated 15 U.S.C. § 1681i(a)(5) by failing to modify the disputed account that was the subject of Plaintiff's dispute after Plaintiff submitted compelling evidence that the disputed account was reporting inaccurately.

83.     Experian had actual knowledge that the erroneous reporting of the disputed account would have a significant adverse effect on Plaintiff's creditworthiness and ability to obtain credit.

84.     Despite having actual knowledge that Plaintiff's credit file contained erroneous information, TransUnion readily distributed Plaintiff's inaccurate and misleading credit reports to one or more third parties, thereby misrepresenting facts about Plaintiff and Plaintiff's creditworthiness.

85.     By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard of its duty to report accurate and complete consumer credit information.

86.     It is Experian's regular business practice to blindly report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

87.     Experian's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its mistreatment of Plaintiff.

88.     Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own convenience above its grave responsibility to report accurate consumer data.

89.     As stated above, Plaintiff was significantly harmed by Experian's conduct.

**WHEREFORE,** Plaintiff requests for the following relief:

a.      A finding that Experian's conduct as set forth herein violated the FCRA;

b.      An order compelling Experian to cease reporting inaccurate information pertaining to the subject debt;

c.      An award of compensatory damages to Plaintiff to be determined by the jury;

d.      An award of statutory damages of $1,000.00 for each violation of the FCRA;

e.   An award of punitive damages to be determined by the jury; and

f.   An award of reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

**Plaintiff demands trial by jury.**

Dated: December 16, 2022                    Respectfully Submitted,

                                            */s/ Mohammed O. Badwan*

                                            Mohammed O. Badwan, Esq.
                                            *Counsel for Plaintiff*
                                            Sulaiman Law Group, Ltd
                                            2500 S Highland Ave, Suite 200
                                            Lombard, IL 60148
                                            Telephone: (630) 575-8181
                                            mbadwan@sulaimanlaw.com